The next case is Sean Sheffler and others versus Americold Realty Trust. Ryan Maxey is here for the appellate. Gavin Reinke is here for the appellee. Mr. Maxey, you may begin when you're ready. Good morning, Your Honors. You may please be seated. My name is Ryan Maxey. I represent the plaintiffs in this appeal. This appeal is from a data breach case. It stems from two orders. One, dismissing claims for negligence and breach of an implied contract. And the next order, declining leave to amend post-judgment. I'll start with the first two issues. The failure to state the claim for negligence and breach of implied contract. Here the question is not whether Georgia law allows for a negligent duty in the data breach context, but whether plaintiffs sufficiently allege that the data breach here was foreseeable. The district court below created a new standard for foreseeability. It's necessary to allege either that the data breach was foreseeable to the particular defendant. Before we get there, you're appealing the denial of a Rule 59 and a Rule 60 motion, though, right? Yes, Your Honor. Okay, and not the denial of a Rule 15 motion. Correct, Your Honor. However, our position is that the Rule 15 standard would apply to the Rule 59-60 motion. Okay, and why would it apply? Your Honor, there's a long line of published cases beginning in the Fifth Circuit, a case that I believe it's pronounced D'Souey case from November of 1981, and a line of published cases after that, the Tremcha case, Thomas v. Town of Davie, Vandenberg v. Donaldson, and Spanish Broadcasting that all repeat the rule that when a motion for leave to amend is filed post-judgment, it needs to be filed under Rules 59 or 60, but the standard in Rule 15 is what applies. But the Rule 15 motion was not timely filed. There was no motion filed before judgment. All right, this case has a complicated procedural history. The court entered judgment before you had an opportunity to file a Rule 15 motion. That's correct, Your Honor. Okay, all right. So if we were just looking at the Rule 59-60 motion, you've got to show good cause for filing that, for the failure to timely file a Rule 15 motion, right? No, Your Honor. I believe under this Court's published precedent, the question is whether Rule 15 applies to a Rule 59 or 60 motion, and the courts have gone different ways on this within the Othman circuit. The published cases hold that the Rule 15 standard is in fact what applies, but there are some unpublished cases that say no, it should still be the rule under Rule 59 or 60, that you have to show the manifest error of law or newly discovered evidence. In any event, go ahead. Go ahead, Judge. In any event, we're reviewing the denial of your motions, whichever motion that we're reviewing for an abuse of discretion. As to the motion for leave to amend, yes, Your Honor. Okay. I'm just wondering how it could be that we would apply the Rule 15 standard after there's been a judgment of the court, that you could just freely amend and change your claim. Your Honor, that is what the cases state. Again, beginning with Ducey, they restate that rule, and it's been applied by this court in an unpublished opinion as recently as 2019. So your argument is, just to clarify what Judge Wilson asked you, is you can bypass the Rule 59 and Rule 60 standards and go straight to the Rule 15 standard? Yes, Your Honor. And that was done in the Martin Ehrholland v. Fannie Hanna case in 2019. That's an unpublished opinion of this court. There, a panel of this court found that the court had abused its discretion in not granting leave to amend. Do we have any presidential cases that say that? Again, Your Honor, it would be the ones I went through there. They're all published beginning with the Fifth Circuit in 1981, but this court has deemed that Ducey case finding precedent. In the Bank v. Pitt case, the Eleventh Circuit, although it was issued after the Roland Bonner v. Pritchard, nonetheless deemed that case finding precedent. It's been followed in, again, the Serencia case, Thomas v. Town of Davies, Vandenberg v. Donaldson, and Spanish Broadcasting. Those are all published cases reaffirming that rule. Let me turn to a moment to the choice of law and duty of care issues. And I found it interesting that in the Northern District of Georgia, there are a number of district court opinions addressing this issue. But I haven't heard from the Georgia Supreme Court. Is this something that we should certify, the choice of duty and duty of care issues, to the Georgia Supreme Court? What's your position on that? Your Honor, the Eleventh Circuit has looked at that issue and acknowledged that the Georgia Supreme Court expressly declined to resolve the question. A panel of this court, nonetheless, has ruled that, I'm sorry, on the choice of law issue. Choice of law. I'm sorry. There are three district court opinions in the Northern District of Georgia that I'm aware of that address this issue. Yes. They find that on the choice of law, Georgia has a unique rule, that for the contract claim or the negligence claim, that you look at Georgia law, notwithstanding that California law may apply. It's not about whether it should be limited to the original 13 colonies. The Eleventh Circuit has rejected that argument. But shouldn't the Georgia Supreme Court weigh in on it? It might be helpful for it, too, but as it is, it is not. So I would rely on the three Northern District of Georgia cases that have looked at that and concluded that in the data breach context, it should be Georgia law that applies. One of the problems that we have in this case is that the district court didn't even conduct a choice of law analysis, did it? It did not, Your Honor. It looked at Georgia law, and then it alternately looked at the law of the other three states. And said it wouldn't make a difference? Did he say that? Or you say it wouldn't make a difference? Well, the defendants are certainly taking the position that the economic loss rule would apply differently in those other three states, so it would make a difference here. Under Georgia law, the economic loss rule allows for an independent duty exception that would apply here. And I think that's why the defendants continue to argue that the law of the other states should apply. Go ahead. Have you abandoned the negligence claims under Ohio, Illinois, and Iowa law? I haven't really seen those briefed. We've not abandoned them. Our position is that it's Georgia law that controls. So those claims are brought under Georgia law. It remains our position that it's Georgia law that controls here, and that's clear from the court's application of the Georgia choice of law rule. So on the merits, you say that the allegations of your amended complaint are sufficient to allege a foreseeability-based duty. Is that right? That's correct, Your Honor. Our position is that it's not necessary to allege that a particular defendant had actual knowledge that it was foreseeable, that it's foreseeable to a particular industry. That was a new rule that was created. The defendant did not ask for in its motion to dismiss. The defendant did not mention foreseeability in its motion to dismiss. It just took the position there was no duty at all. Here the court created a new rule in granting the motion to dismiss saying that you had to allege one of those two prongs. I think that's a stronger argument than your argument that the allegations of your complaint are sufficient to allege an implied contract without a meeting of the minds. Yes, Your Honor. And on that issue, there's a few cases I'd like to run through quickly on that issue. In 2010, Judge Pinnell in the Northern District of Georgia entered an opinion in a case called Irwin v. RBS WorldPay. I don't believe that one is in our papers. Admittedly, that is not in our papers. But in that case, Judge Pinnell found that in the data breach context, it was enough to allege that these financial security or financial services customers would not have given their information to the defendant but for an understanding that it would protect the data. In the RBS case that is cited in our papers, Judge Totenberg held that affirmative statement of intent to protect data was not required. It was enough that credit card information had been entrusted and it was reasonable for purposes of a motion to dismiss to find an implied contract sufficiently alleged just in handing over the credit card data. In doing so, Judge Totenberg relied on a Georgia Court of Appeals case holding that really the existence of an implied contract is a jury question. But perhaps the best statement of Georgia law, and after that disclosure, Judge Thrash in the Equifax case went the other way. He supported defendant's position here and said it's not enough just to hand over the data and have an understanding more is required. So you've got Judge Pinnell and Irwin, Judge Totenberg, and RBS going one way saying it's enough to exchange the data, Judge Thrash going the other way saying it's not. And the Collins v. Athens orthopedic case that was before the Georgia Supreme Court on the negligence issue, that was remanded. And on remand, the Georgia Court of Appeals, in an opinion that's not in our papers, it's 307, I'm sorry, in an opinion that's not in papers, 307 Georgia, sorry, right. That one, the Georgia Court of Appeals case is 356 Georgia at 776. It's in the brief? It is not in the brief, Your Honor. That one's not in the brief. But in that case, the Georgia Court of Appeals remanded the case and it cited two cases. It cited Judge Pinnell's opinion in Irwin and it cited Judge Totenberg's opinion in RBS. It did not cite Judge Thrash's opinion in Equifax. And it cited them for the proposition that it was enough to have an understanding that when you hand over the data, that there's going to be a, the data is going to be safeguarded. I'm out of time. Thank you, Your Honor. All right. Mr. Reinke. Good morning, Your Honors, and may it please the Court. Unless the Court has a different preference, I will start with the Rule 59 and 60 issue where you started, Judge Wilson. And the denial, the district court's denial of the motion for leave to amend was not an abuse of discretion. In this case, Americhold moved to dismiss the first amended complaint for failure to state a plausible claim to relief. And, Judge Wilson, you asked the appellants whether they just were denied the opportunity to file a Rule 15 motion before final judgment was entered. And, Your Honor, that's simply not the case. They made it. Well, the judge didn't give them an opportunity to file an amended complaint. The filing of amended complaints is freely given, the law says. And the Court maybe had prematurely entered judgment before they had an opportunity. Well, respectfully, Your Honor, the appellants had an opportunity to seek leave to amend the complaint before the district court entered judgment. They made a strategic choice to respond to Americhold's motion to dismiss by filing a response brief. And in doing so, they asked the district court to expend its resources to evaluate the sufficiency of their complaint. It's also notable, I think, that we're talking about the first amended complaint here. They had filed an original complaint that Americhold also moved to dismiss. Americhold made very similar arguments in the motion to dismiss the amended complaint. Plaintiffs then chose to respond to Americhold's original motion to dismiss by filing a first amended complaint. But in that first amended complaint, they again made a strategic choice not to change any allegations about the foreseeability of a duty, not to add any allegations to the factual basis of their breach of implied contract claim. And when Americhold moved to dismiss again, they decided to roll the dice and wait for the district court to enter judgment. Because the district court entered judgment, appellants were required under this Court's binding precedent to satisfy the requirements of Rules 59 and 60. And I want to start with a discussion of the case law that the appellants mentioned. They rely in their papers on the earliest case rule to argue that the district court applied the wrong test and should have freely granted leave to amend under Rule 15. But that earliest case rule actually does not support the appellant's position, and it compels the rejection of their position, in fact. The earliest binding Eleventh Circuit precedent is the Zaremcha case, 724 F. 2nd, 1552. They cite two cases in their papers that are published opinions that predate Zaremcha, but neither of those is applicable here. The first one was the Desoi case that the appellants mentioned in their brief. That's a decision from the former Fifth Circuit that was decided on November 5th, 1981. And in Bonner v. City of Pritchard, this Court adopted as Eleventh Circuit binding precedent decisions of the former Fifth Circuit as that Court existed on September 30th, 1981. So Desoi was decided about 36 days after Bonner came out and adopted this Court's Eleventh Circuit precedent as of September 30th and is not binding precedent of this Court. The only other case that they cite that's a published Eleventh Circuit opinion that predates the Zaremcha case is Thomas v. Farmville Manufacturing. And that case doesn't address the issue that's before the Court here, which is whether a plaintiff who is seeking leave to amend complaint after final judgment was entered has to satisfy those threshold requirements of Rule 59E or Rule 60B to be entitled to relief. And the opinion in that Farmville Manufacturing case does not indicate expressly whether final judgment was entered before the plaintiff requested leave to amend the complaint, but the circumstances of that case make clear that final judgment had not been entered at that point. And that's because under the version of Rule 59 that was in place at the time, which was in place all the way until it was amended in 2009, a party had 10 days to file a motion under Rule 59E and that deadline couldn't be extended. The Court's opinion in Farmville Manufacturing indicates that the motion to vacate the order of dismissal was filed 14 days after the District Court granted the defendant's motion to dismiss. So if the case had been dismissed in its entirety, the Rule 59 motion would have been untimely and would have been denied on those grounds. Zeremcha says once final judgment is entered, once the action has been dismissed, and it's undisputed here that the action has been dismissed, the District Court directed the clerk to close the case and enter judgment in Americold's favor. And at that point, Zeremcha says that a plaintiff who seeks leave to amend complaint after final judgment has been entered must satisfy the threshold requirements of Rule 59 or Rule 60. This has been confirmed in two other published opinions of this Court, United States X. R. L. Atkins v. McInteer and Jacobs v. Tempur-Pedic International. And Jacobs expressly holds that Rule 15a has no application after final judgment is entered. I'll turn now to the District Court's decision on the motion to dismiss. The appellants originally asserted four claims against Americold in their first amended complaint, and they abandoned two of those claims and asked the Court to rule on their motion to dismiss only with respect to negligence and breach of implied contract. The District Court correctly dismissed both of those claims, and I want to pause to speak briefly about the choice-of-law question to answer one of your questions, Judge Wilson. Judge Batten in the District Court did not conduct a choice-of-law analysis. You're correct. The reason that he did not conduct a choice-of-law analysis is because he concluded that it was unnecessary to do so because the plaintiffs had failed to state a plausible claim to relief under any of the potentially applicable state laws. With respect to the negligence claim, and I'll focus on Georgia law, which is all that appellants have talked about in their brief, the District Court correctly held that the appellants did not state a claim for negligence under Georgia law. They relied primarily in their papers on a Northern District of Georgia decision called Purvis v. Avignon Health Care, and that found a duty to safeguard personal information from a criminal data breach based on the defendant's alleged knowledge of the foreseeable risk of a data breach and the resulting exposure of plaintiff's information. But Purvis does not accurately predict how the Georgia Supreme Court would decide whether there's a duty to safeguard personal information in a data breach under the facts alleged in the complaint. This is a diversity case, so the District Court and this Court are both required to predict how the Georgia Supreme Court would rule on that question. Well, maybe you're reading Purvis differently than I'm reading Purvis, but my reading of Purvis is that Georgia appears to recognize a common law foreseeability-based duty to protect personally identifiable information. Am I reading Purvis wrong? No, no, I think Purvis held that there was such a duty based on foreseeability. I do not think that is how the Georgia Supreme Court would decide the issue. And the reason that I don't think that's how the Georgia Supreme Court would decide the issue is because there's only one decision of the Georgia Supreme Court that examined the question of whether there's a duty in negligence to protect confidential information from a negligent disclosure, and that was the Department of Labor v. McConnell opinion that was cited in our briefs. Yeah, but that case just left the question. The Court here decided for another day. They didn't really answer that question with regard to personally identifiable information, did it? So I think what McConnell held, it was a case that involved personally identifiable information. There was an employee of the Department of Labor that inadvertently sent a spreadsheet containing names, Social Security numbers, et cetera, of individuals who had applied for benefits through the Georgia Department of Labor to over 1,000 recipients, I think, were the facts of that case. And the Court said that the plaintiff had not alleged a basis for a duty. But in that case, the plaintiff was alleging a duty based on the sort of nebulous idea that there's a duty to do no harm, and the Court rejected that specifically. But it left open for another day whether there could be a claim based on a different duty. That's correct, Judge Pryor. The Court in McConnell did not decide any questions that were not before it, and the plaintiff in McConnell had argued that there were two potential sources of the duty. The first potential source was two Georgia statutes that the plaintiff had pointed out, and the Georgia Supreme Court looked at those statutes and said, there's nothing in here that has shown that the Georgia legislature would recognize a duty to safeguard personal information from a data breach. The second source that the Georgia Supreme Court looked at was the plaintiff's argument, or that the plaintiff argued, rather, was a Georgia Supreme Court case called Bradley Center v. Wessner, which contained language recognizing a general duty to all the world to safeguard from harm. I would submit to the Court that when the McConnell Court rejected Bradley Center v. Wessner, it implicitly rejected the exact type of duty that the plaintiffs seek to impose in this case based on a foreseeability theory. And the reason for that is Bradley Center involved a situation where the plaintiff's father was a patient of a medical facility. The medical facility had determined that the plaintiff's father, if given the opportunity, would likely cause bodily harm to his wife, the plaintiff's mother, if he had the chance. After making that determination, the medical facility allowed the plaintiff's father to visit the plaintiff's mother on an unrestricted weekend pass, and he killed her. The issue was whether there was a duty owed to the plaintiff in connection with that malpractice allegation. And one of the things that Bradley Center had argued in concluding, in arguing that there should be no such duty, is that imposing a duty under that circumstance would be inconsistent with the rule that intervening criminal acts of third parties cannot give rise to tort liability. And the Georgia Supreme Court rejected that argument in Bradley Center, but they did so because they found that the intervening criminal acts were foreseeable. So, in other words, that general duty that the court relied on in Bradley Center and that the plaintiff relied on in McConnell was based at least in part on the fact that those criminal acts were foreseeable. Let me ask you, are you saying that an employer is really under no obligation to protect this personal information from cyber criminals? No, that's not what I'm saying, Judge Covington. I think what I'm saying is that there is no common law duty under Georgia law to safeguard personal information from an unauthorized disclosure. It would not be correct to say that an employer who suffers a data breach has no duties at all. Under Georgia law, for example, they have a duty to notify the individuals whose personal information was impacted in the data breach. So they do have duties, but they do not have a common law duty to safeguard information from an unauthorized disclosure. But, of course, if there is, I'm looking at paragraph 131 of the amended complaint. Plaintiffs of the nationwide class were the foreseeable and probable victims of any inadequate security practices and procedures. And on and on. That seems like enough to me. Well, Your Honor, I respectfully disagree. I think I have two points there. Number one, in Pervis, it's not the consequences that have to be foreseeable. It's the attack itself has to be foreseeable. What Pervis says is that the healthcare facility had a duty in negligence under Georgia law. And, again, we don't think that Pervis accurately states Georgia law. But assuming that it does, what Pervis said is that the healthcare facility has a duty under Georgia law to safeguard information because the plaintiffs had included factual allegations from which the court could conclude that as a healthcare entity, it was plausible for Pervis or for Aviana Healthcare, rather, to be on guard for the specific type of attack that was at issue there. Well, as a defendant knew or should have known of the inherent risks in collecting and storing the personally identifiable information of plaintiffs and the nationwide class, the critical importance of providing adequate security of that personally identifiable information and the necessity for encrypting personally identified information stored on defendant's systems. I mean, how much more do they have to say? Well, I don't think there's any factual allegations that have been alleged that make it plausible that Americhold was under a reason to suspect this particular type of attack. But if that allegation were enough, then the McConnell case should have been decided the other way. Because like Americhold, the Department of Labor was in possession of sensitive information about individuals who had applied for government benefits. And the Georgia Supreme Court said that is not enough to create a common law duty to safeguard personal information from a disclosure. I'd like to turn briefly to address the breach of contract claim that appellants brought up. Again, the district court correctly dismissed appellant's breach of implied contract claim because under any of the applicable laws here to state a claim for breach of applied contract, you have to allege a meeting of the minds. You have to plausibly show that the defendant and each of the plaintiffs agreed with Americhold with respect to particular data security standards. Now, the appellant cited several cases in their argument that they claim recognizes such a duty under Georgia law. But none of those cases are employer-employee cases. And I think that is a critical distinction that the appellants are overlooking because employees are mandated by law for tax purposes to provide certain information to their employers. And to suggest that that creates a contractual agreement to agree to any particular data security standards would not be supported by any of the cases that plaintiffs cited. The final point that I'd like to make in my remaining 30 seconds is that in the McConnell decision and in the Collins versus Athens orthopedic decision that followed it, the Georgia Supreme Court suggested that you have to look to legislative action in determining whether to impose a duty. And the Georgia legislature has acted in this arena. As I mentioned, they've imposed a notification obligation on companies who are victims of data breaches to notify individuals whose information is accessed. But unlike other states, they have not imposed a duty to safeguard personal information. Thank you very much, Your Honors. All right. Thank you, Mr. Ronke. Mr. Maxey, you've reserved some time for rebuttal. Thank you, Your Honors. I'll start with the Rule 15 motion issue. And the circumstances here are somewhat unique. I think the idea behind this notion that before a court rules on a motion to dismiss, you're supposed to file a request for leave based on what's in the motion to dismiss and attach your amended pleading. And that makes sense. You at least have an opportunity to say, okay, here's an argument. We could potentially address that argument by moving for leave to amend before the court rules on the motion to dismiss. Here, that would not have worked. The court agreed with us that there is a duty. It can be a duty under Georgia law. But they didn't impose this. I'm sorry, Your Honor. What do you have to say to their argument that you made a tactical decision to wait until the court ruled on the motion to dismiss before including all the facts in your amended complaint or seeking to amend within the required deadline? I say that they did not raise this foreseeability argument in their motion to dismiss. So how could we have known that the court would rule that way? If the defendant doesn't raise it, how can we possibly anticipate that the court is going to craft a new two-pronged standard that the defendant did not ask for? In order to satisfy that rule here, we would have had to somehow have foreseen what Chief Judge Batten was going to do even though the defendants didn't ask for it. So if the defendants had argued to the district court that there should be this new two-pronged standard, that's a different story. Then we would have an opportunity to say, okay, they've made this argument. Should we move for leave to amend to address it? Here we never have that opportunity. We have the standard come out and the order on motion is dismissed and almost immediately the same day judgment is entered. But you still have to overcome the abuse of discretion standard on that issue though, right? Your Honor, our position again under the published cases in this court, a panel of this court as recently as 2019, is that it's Rule 15 that applies. In the Martineer-Holland case versus Minnehanna, this court did not look at Rule 59 or 60, did not require a manifest error of law or newly discovered evidence. It found that the court had abused its discretion in not granting leave to amend without running the futility analysis, which is typical for Rule 15. But there is a split on this. Actually, Judge Middlebrooks in the Southern District of Florida in 2022 in a case, Kremski versus Shell Oil, looked at this very issue. And similar to Chief Judge Batten here, he recognized the dispute in the law. Some cases are going one way, some are going the other. And he applied the earliest case and held it even though he agreed with Judge Batten, Chief Judge Batten here, that it should be the 59 and 60 standard that he had to follow the earliest case precedent. And that's the Ducey case and the others holding that it's the Rule 15 standard that controls in these circumstances. So your request would be that we remand to the district court for the opportunity for that amended complaint to be filed? Well, Your Honor, I think that issue could potentially be moved if the court agreed with us on the dismissal. The dismissal was an error. In that case, I don't know that we would really have to get into the Rule 59, Rule 60 versus Rule 15 issue. And if it's helpful to the court, that opinion from Judge Middlebrooks is Kremski versus Shell Oil. It's 2022 Westlaw 234-6364, January 19th, 2022. One more point I wanted to make on the implied contract claim I didn't get to. I finished with raising the Georgia Court of Appeals opinion from 2019 relying on Arby's and Irwin. Again, that case was not in our briefs, but I provided the site for the court if it's helpful. Subsequent to that, the district courts in the Northern District of Georgia have sided with the defendants here and held that for implied contract, you need that affirmative statement. I would submit that in doing so, they relied on a Third Circuit opinion, the Longenecker-Wells case applying Pennsylvania law. And that instead, what should control here is the best statement of Georgia law on this, and that is the Georgia Court of Appeals opinion that chose not to rely on Judge Slash's opinion requiring that affirmative statement and instead relied on Irwin and Arby's. As far as the duty issue that's come up again, Judge May in the Purvis case clearly held that there is a duty under Georgia law in the data breach context. It's not this duty to the entire world. It's a duty based on the relationship between the parties. Four district courts have agreed with Judge May on that. That's Chief Judge Batten here in the Americold case, Judge Slash in Equifax, Judge Ross in the Paradis case, and then finally, Judge Jones in the Parkmobile case. I believe my time is up. Unless your honors have any questions, I will... Thank you, counsel. The court will be in recess for 20 minutes. All rise. Thank you, counsel.